2   337
45   767

JOSEPH MAJOR v. JOHN N. MAJOR *et al.*

### *Error from Shawnee County.*

The provisions of Sec. 291 of the Civil Code, providing for the findings of law and of fact by the Court on a trial of an issue of fact by it, being stated separately on request of either party, were necessary to meet the changes made by the Code, and *held* to be indispensable when it is desired to except to such finding of the Court, and necessary to show whether there has been a misapplication of the law to the facts.

43

The record in this case failing to show that either party requested such sepa-
rate finding, and the finding of the Court being general, the case is not in
a condition to determine whether error was committed or not.

The Supreme Court take cognizance only of errors of law apparent on the
record.

The former chancery practice of retrying the cause by the appellate tribunal
on the evidence reduced to writing before the chancellor, *held* to have been
changed by the Code, which allows the evidence to go before the Court
below orally.

The facts of the case sufficiently appear to present the
points determined by the Court, in its opinion.

*Elmore and Martin*, for plaintiff in error.

*N. P. Case*, for defendants in error.

*By the Court*, KINGMAN, J.

Various issues were made up in this case, and a jury be-
ing waived were tried by the Court. The finding of the
Court was general, to which the plaintiff in error excepted
and brings the case to this Court for revision. There was
no motion for a new trial, no exceptions to the proceedings
other than the one to the finding of the Court. We do
not think the case comes to us in such a manner as will au-
thorize us to determine that the decision of the Court be-
low was erroneous.

The Code provides, Sec. 291, that, "upon the trial of
questions of fact by the Court, it shall not be necessary for
the Court to state its finding except generally for the plain-
tiff or defendant unless one of the parties request it with a
view of excepting to the decision of the Court upon the
questions of law involved in the trial, in which case the
Court shall state in writing the conclusions of fact found
separately from the conclusions of law."

This provision was necessary to meet the changes made
by the Code as to the manner of trial and the mode of pre-
senting the testimony in a case. When issues of fact and
law are both settled by the same trier, it is absolutely indis-

pensable that the facts found should be separately stated in order that it may be made apparent whether there is a misapplication of the law to those facts.

It is only errors apparent upon the record, that this Court take cognizance of, and those are errors of law. We can not retry the case upon its merits. In this case if we should come to a conclusion that the evidence as we understand it and the proper applications of law, might bring us to a different conclusion from that of the Court below, it would be a retrial of the whole cause, not a review of alleged errors of law. In the former chancery practice this was a consistent course to pursue by appellate tribunals, because the evidence on which the chancellor acted was all reduced to writing, and the same facts in the same fullness of detail were presented to the revisory tribunal as were acted upon by the chancellor, but the Code authorizes oral testimony in all cases. If it were then to allow an appeal and re-trial of the cause upon the evidence as presented by a bill of exceptions, the Appellate Court would try the cause without the benefit of seeing the witness, of judging of his credibility by his intelligence or his manner, which might show to the Court below such evident bias as greatly to weaken his testimony. If the Code allowed such a course the Appellate Court would be much more likely to commit error than to correct it. The Code is not open to this charge. The section we have quoted clearly points out the course that must be taken if either party desires to except to the decision of the Court upon a question of law. *Sec.* 10, *Ohio State*, 591.

The plaintiff in error not having done so in this case, has not put his case in such a condition that we can determine whether an error of law has been committed or not, the decision of the Court below must be affirmed.

All the justices concurring.