## Henry B. Lacy v. Mary T. Dunn.

### *Error from Douglas County.*

1. FINDINGS OF THE COURT: MOTION FOR NEW TRIAL.—When the issues, both of fact and of law, in a cause are submitted to the decision of the court, and either party desires to except to such decision upon the questions of law involved in the trial, it is indispensibly necessary, in order to make such exception available, that such party shall request, and the court make, separate statements of the facts found, and of the conclusions of law, [*Civil Code*, '68, § 200,] or that such party shall move for a new trial.

2. ID: ERROR: RECORD.—Where the record fails to show such separate statement of the findings, or that either party requested it, and the finding is general and there was no application for a new trial: *Held*, that such case is not in that condition which will authorize this court to determine whether error was committed or not.

3. JUDGMENT: INTEREST ON.—Where suit is brought on a note drawing twenty per cent interest per annum, and such note was legal at the time of the execution of such note: *Held*, that it is not error for the court to decree that judgment rendered thereon shall draw twelve per cent per annum from its rendition, as the law now stands. *Gen. Stat.*, *Ch.* 51, § 6.

The opinion contains a sufficient statement of the facts of the case.

*Smith & Hampton*, for plaintiff in error.

*Riggs, Nevison & Foote*, for defendant in error.

*For plaintiff*, it was submitted:

1. It was error for the court to render judgment on the note for more than twelve per cent per annum interest.

2. It was error for the court to allow the judgment to draw twelve per cent interest, the contract on which the judgment was rendered having no provision for interest at that rate.

*For defendant,* it was submitted :

1. The questions involved in the issues were of fact principally, and were tried by the court. The record shows no request for the court to find the facts and law separately. The general finding for plaintiff made by the court raises no question of law occurring on the trial. *Major v. Major, et al.,* 2 *Kas.,* 337; *Gen. Stat.,* 684, §§ 289, 290; *Cleveland & Toledo R. R. Co. v. Johnson, et al.,* 10 *O. St.,* 591.

2. No exceptions were taken to the proceedings on the trial; this is necessary. *Gen. Stat.,* 686, § 300.

3. No motion for a new trial was made; this is necessary. *Gen. Stat.,* 735, § 542; *id.,* 687, §§ 306, 308, 309; *Odell v. Sargent,* 3 *Kas.,* 80; *Kykendall v. Clinton, id.,* 85; *Ide v. Churchill,* 14 *O. S.,* 372; *Holt v. Lamb,* 17 *id.,* 384; *Morgan v. McElroy, Kas. Sup. Ct. Mss.*

4. The record fails to show the pleadings; the court, therefore, cannot determine what the issues were.

5. By the law on the 6th of March, 1862, when the note in question was made, the parties to the contract might legally stipulate for twenty per cent interest. *Comp. L.,* 603; *Dudley v. Reynolds,* 1 *Kas.,* 285; *Young v. Thompson,* 3 *Kas.,* 114.

6. Section six of General Statutes, 526, allows the judgment on such a note to draw a rate equal to that specified in the contract not exceeding twelve per cent. The fact that the note drew twenty is no reason why the judgment might not draw twelve.

By the Court, SAFFORD, J.

A jury having been waived by the parties, the trial of the issues in this case below was by the court, and resulted in what was substantially a general finding, in favor of the defendant in error.

Judgment was rendered accordingly. The record shows that there were no exceptions whatever, taken to any of the proceedings, nor was there any motion for a new trial. It is also shown that there was no request on the part of either the plaintiff or defendant that the court should state the conclusions of fact found separately from the conclusions of law, which it is provided shall be done when either party desires to except to the decisions of the court upon the questions of law involved in the trial and makes such request. Civ. Code, '68, § 290.

FINDING OF
Court: Motion
for New Trial.
Exceptions.

Such being the condition of the case as presented to us, we are not authorized to take cognizance of any error which may have intervened in the proceedings, and which is complained of here, unless such error be one of law, and is apparent on the face of the record. . This point has been expressly decided by this court in 2 Kansas, 337, to the opinion, in which case reference is here had. It would also seem to us that section 290, so plainly and specifically points out the mode of procedure necessary to be followed in order to secure to a party the right to have the findings made in his case reviewed in a superior court, when tried as this was, by this court, and without resorting to his motion for a new trial, that argument can hardly make it more easy of comprehension.

RECORD: SHOULD
Contain all the
Evidence.

But there is another fact which we find to be true in regard to the record herein, and which of itself would preclude us from pass-

ing upon, or understandingly looking into, any question, the decision of which depends upon the testimony. It contains a large amount of the evidence, which was produced at the trial, but does not purport to present the whole of it as submitted on either side. This may have happened by mistake or inadvertence, but it is beyond the scope of our authority or duty to supply the omission.

INTEREST ON Judgments.       But it is claimed on the part of the plaintiff here, that the court below committed an error in allowing interest on the judgment which was rendered herein, at the rate of 12 per cent per annum from the date of rendition. If this be true such error may be examined and corrected, inasmuch as the action of the court in this regard appears on the face of the proceedings. The question involved in this allegation of error depends upon the construction to be given to section six, chapter 51, general laws of 1868, which reads as follows: "When a rate of interest is specified in any contract, that rate shall continue until full payment is made; and any judgment rendered on any such contract, shall bear the same rate of interest mentioned in the contract, which rate shall be specified in the judgment, but in no case shall such rate exceed twelve per cent per annum." The contract sued upon in this case by its terms bore interest at the rate of twenty per cent per annum until paid, and, such rate being lawful at the date of the instrument, was of course unaffected by any subsequent change in the law of interest. Now leaving out of view, for the time being, the latter clause of the section quoted, and applying the rule laid down in the former part of it, it is very clear that the judgment rendered upon such contract would bear interest at the rate of twenty per cent, or in other words, under the operation of the clauses referred to, the party promisor would be held to the per-

formance of his original undertaking, in respect of interest to the letter, notwithstanding the intervening of the judgment, and that in this case, as has before been stated, was to pay twenty per cent until the contract was satisfied.

But after providing for such computation of interest on a contract after judgment thereon, the law making power has seen fit, and for wise reasons no doubt, to restrict the amount of *recovery* in cases where the rate fixed by the original contract exceeded twelve per cent per annum.  Of course this restriction operates solely for the benefit of the obligor in any case to which it is applicable, and he certainly ought to be the last to complain.  We are therefore satisfied that the plaintiff in error has no just ground of complaint against the judgment of the court below for the reasons named.  Judgment affirmed.

All the justices concurring.