### Garrett Stansell v. Warren H. Corning.

*Practice in the Circuit Court: Finding: Judgment.* When a cause is tried by the Circuit Judge, without a jury, and a written finding of facts is seasonably demanded, until such finding, there is nothing on which to found a judgment. The entry of judgment before the finding of facts, when duly demanded, has no greater validity than a judgment after a jury trial, without a verdict.

*Heard July 9. Decided July 12.*

Error to Cass Circuit.

This was an action of *assumpsit* brought by Warren H. Corning in the Circuit Court for the County of Cass,

against Garrett Stansell. The plaintiff declared on the common counts in *assumpsit*, appending to his declaration copies of two drafts drawn by Corning & Co. upon the defendant. The defendant pleaded the general issue, and gave notice that the consideration of the drafts was for spirituous liquors, sold in violation of the laws of Michigan; that the liquors were sold by sample; that they were not equal to the sample, and were not of a merchantable quality.

The cause was tried without a jury by the Circuit Judge, who was requested to find the facts in writing, and his conclusions of law thereon. The trial was concluded on the 20th day of January, 1870; and on the 14th day of March, during the succeeding March term, the Circuit Judge directed the entry of a judgment for the plaintiff for the whole sum claimed; and on the 12th day of April following, made and filed the finding and decision of the Court in writing.

The defendant below brings the cause into this Court by writ of error.

*Edward Bacon*, for plaintiff in error.

*H. H. Coolidge & Son*, for defendant in error.

GRAVES, J.

Considering the somewhat unsatisfactory manner in which this record is constituted, and the questions raised by it, we do not feel called on to examine it further than is found necessary to decide the case. It contains sixty assignments of error, but many of them merely question the correctness of the finding of facts by the Court below, and many others have no legal support in the facts found. And upon an inspection of the evidence contained in the bill of exceptions, and the answers of the Judge to the

points submitted by counsel, we think it not improbable but that another trial will eventuate in a different finding of facts.

It appears that the case was tried before the Court without a jury, on the 20th day of January, 1870; that each party seasonably presented points in the nature of requests to charge, under rule 87 of the rules of the Circuit Court, and also requests for a finding in writing of the facts and conclusions of law, as provided by said rule and § *3437 Comp. Laws.* It also appears that the Court thereupon held the case for advisement, and at the next regular term held in March following, caused a judgment to be entered in favor of the plaintiff for $1,861.82, without any finding of facts, but thereafter, and on the 12th of April, made a finding of the facts and law, which was filed.

The interval between the judgment and the finding of the facts in the case was about a month.

It is objected by the first and second assignments of error, that the entry of the judgment under the circumstances, in advance of the finding, was error, and I think the objection well taken.

When a written finding is duly requested under the rule and statute a compliance by the Court is imperative, and the finding contemplated is of the nature of a special verdict, and is designed as a basis for the judgment in the cause, and until such finding there can be nothing on which to found a judgment. It is just as essential in legal contemplation that this finding should precede the judgment, as it is that a judgment should follow and not precede a special verdict; and in each case the judgment is the necessary conclusion which the law infers from the facts, and until these facts are regularly ascertained, there can be nothing from which such conclusion can result.

When the judgment is to depend upon the facts found

by the Court, it is settled that the judgment may be over-turned upon the ground that the facts found do not support the judgment; and this being so, it must be conceded that the absence of any finding of facts whatever, must be equally fatal.

When the judgment in this case was rendered, it had no greater validity than a judgment in a jury trial without verdict. It was a judgment unsupported by facts found or verdict returned, a conclusion without premises, and has hitherto so continued.

The subsequent finding alone did not cure the error. As a finding subsequent to the judgment, it constituted an error, and it could not be the foundation of a judgment already rendered without such foundation.

It is, therefore, seen that the judgment stands without any finding of facts to warrant it, and that the finding of facts remains without any judgment based upon it.

If the judgment may precede the finding one month, it may upon the same principle precede it twelve months, and such a practice would occasion serious difficulties. The judgment being entered, the time for bringing a writ of error would be running while the case would not be ripe for suing out the writ, and some accident might prevent any finding, although the judgment itself would be of record. While it is true that the Judge is not imperatively required to make his finding on or before the first day of the succeeding term, still the judgment to result from such finding cannot regularly be entered until the finding is made. See § *3440 Comp. L.*

For the reason suggested, we think the judgment should be reversed and a new trial had.

The shape of the record, and the ground on which we dispose of the case, induce us to abstain from discussing any other points than those already examined, but we deem

it proper to say, that if the case was in condition to require an opinion upon the question as to where the contract for the liquors was made, we are not satisfied that we should concur with the Court below in the ruling on that subject.

The judgment is reversed with costs, and a new trial ordered.

The other Justices concurred.