R. R. McCANDLISS v. CHARLES E. KELSEY.

1. FINDINGS—*Limited to Issues.* While when a case is tried by the court without a jury, and special findings are demanded, it is generally the duty of the court to find upon all the issuable facts, yet this rule does not require it to make a finding upon any matter, though alleged in the petition and denied in the answer, which is foreign to the controversy between the parties, anything which upon motion would have been stricken out as irrelevant and redundant.

2. ERROR, *Without Prejudice.* An omission to find upon all the issuable facts, will not always be an error compelling a reversal. If the facts found, and by the evidence rightfully found, compel the judgment that is rendered, whatever may be the truth concerning the matters not passed upon by the court in its findings, and whichever way they might be found, then the omission, if error, is without prejudice.

*Error from Lyon District Court.*

ACTION by *McCandliss* to compel *Kelsey* to "specifically carry out and perform his part of a certain agreement made and entered into by and between said plaintiff and said defendant, in this, that said defendant grant by proper instrument to plaintiff, his heirs and assigns forever, the free use and enjoyment of the right-of-way in, to, over, and about the landing-place, stairway, and entrance in defendant's building situate on part of lot 175, on Commercial street, in the city of Emporia; and that pending this action, said defendant, and all persons claiming by, through, or under him, be enjoined from in anywise interfering, hindering, or preventing plaintiff from the free use and enjoyment of the right-of-way in, to, over, and about said landing-place, stairway, and entrance in defendant's said building," etc. The material portions of plaintiff's petition are quoted in the opinion, *infra.* Answer, general denial. Trial at the September Term 1874. Finding and judgment for defendant, and *McCandliss* brings the case here on error.

*Ruggles & Sterry,* for plaintiff.
*Gillett & Forde,* for defendant.

The opinion of the court was delivered by

BREWER, J.: Counsel for plaintiff in error present two questions for the consideration of this court. They insist that the district court erred in that it did not find specifically upon all the issues presented by the pleadings, and that therefore they are entitled to a reversal; and second, that one finding which was made, and which was of vital importance, was not direct, definite and positive. Of these in their order.

The case was tried by the court without a jury, and special findings were demanded. In such a case, is it the duty of the court to find specifically upon all the matters put in issue by the allegations in the petition and denials in the answer? and will a failure to discharge this duty compel in all cases a reversal? It may be stated as a general proposition, that it is the duty of the court to find upon all the issues in the case. But because a matter is stated in the petition, and denied in the answer, it does not necessarily follow that this allegation and denial present one of the issues in the case. It may be a matter wholly foreign to the case, something which the court would be compelled upon motion to strike out as impertinent or irrelevant. And because the defendant has not seen fit by motion to shape his adversary's pleading into technical accuracy, it does not follow that a larger burden is cast upon the court in the weighing of testimony and the finding of facts. It is enough, if the court has found upon all the facts put in issue by the pleadings, material to the controversy. Again, there may be some pivotal fact upon which the case turns. If the court finds upon that, ignoring all else, while it may be, strictly, an omission, an error, on the part of the court, yet it may also be an error without prejudice. If for instance, to a petition setting forth in different counts various causes of action, as, on a note, for goods sold and delivered, money had and received, work and labor done, etc., an answer is filed containing a general denial, and a plea of payment, and on the trial the court should find generally that all the claims of plaintiff upon the defendant had been fully paid

and discharged before the commencement of the action, and this finding should appear to be supported by the evidence, how would the plaintiff be prejudiced by the court's failing to find specifically as to the several causes of action alleged in the petition and denied in the answer? What matter whether each count stated a cause of action which in fact did once exist, if before suit all had been paid? Or again, suppose a plaintiff sues as administrator, alleging the death of the decedent and his own appointment as administrator, and then alleges several causes of action in favor of the estate, and this petition is met by a verified denial; and upon the trial the court should find that plaintiff was not the administrator of the decedent, and that no letters of administration or other authority had ever been issued to him by any court: how would he be prejudiced by a failure to find as to the existence of the various causes of action in favor of the estate? These are illustrations, but they serve to show that, not every omission of the court to find specifically upon all the matters stated in one pleading and denied in the other, or even upon all the strictly issuable facts, is sufficient for reversal. Indeed, it would seem that before a reversal should be ordered, it should appear not merely that the court had failed to find upon all the issuable facts, but that a finding one way or the other as to some of those not found would have compelled a judgment different from that entered upon those found. If the facts found, and by the evidence rightfully found, compel the judgment that is rendered, no matter what may be the truth concerning the issues not passed upon by the court in its findings, and whichever way they might be found, then it would be but an idle and useless ceremony to remand the case for findings which when found would only result in the same judgment. Nor does this infringe upon the rights of either party. It is doubtless true, as counsel claim, that a party has his theory as to the legal effect of the facts in the case, and so shapes his pleadings accordingly; and the district court may have a very different judgment as to such legal effect, and may make its findings accordingly. But still the

party is not without redress. He can bring the pleadings and the findings here, and if it should appear that any of the facts alleged and not found, and in support of which there was any testimony, would, if true, have changed the result, and compelled a different judgment, it would be the duty of this court to remand the case for a new trial. While we are compelled to hold that not every omission of the district court to find specifically upon all the issuable facts will compel a reversal, we think the better practice is, for the district court to so find. And such our observation shows us to be the general custom. And for this reason, if all the facts are found, and this court holds that the judgment is erroneous, it may often dispose of the case by a final judgment, while if the facts are only partially found, it will be compelled to remand the case for a new trial. In this case, (and this leads us to the second question,) we think the finding complained of is sufficiently direct, definite and positive, and is also pivotal and decisive. That finding is as follows:

"That said defendant never at any time agreed to give said plaintiff a continued, free, and unrestricted use of said entrance, stairway, and landing in his said building, or any other right or interest that he could not ignore at any time."

The petition states substantially as follows:

"In March 1871, McCandliss, plaintiff, purchased of one Eskridge, who was the owner thereof, a part of lot 175 on Commercial street, in the city of Emporia. After the purchase, contemplating the erection of a permanent brick building on that portion of the lot he had purchased, he made an arrangement with Eskridge (who was the owner of the balance of the lot adjoining plaintiff's on the north) to the effect that he might build the north wall of his contemplated building upon the line between them so that 6½ inches of the wall would rest upon the plaintiff's land, and 6½ inches upon the land owned by E. The plaintiff immediately commenced the erection of a permanent brick building, 70 feet in length, 22 feet in width, and two stories high, with the north wall resting partially upon his land and partially upon the land belonging to E., in accordance with the arrangement made with E. About the 22d of July 1871, plaintiff had completed the walls of said building, but no part of the second

story of the building was completed except the walls. The north wall had cost plaintiff the sum of $530, and was reasonably worth that amount. At that time Kelsey, defendant, with full knowledge of the arrangement between plaintiff and E., purchased of E. the remainder of lot 175 adjoining the plaintiff on the north, including that portion of it on which the north-half of plaintiff's north wall rested. Defendant immediately commenced the erection of a permanent brick building upon that portion of said lot which he had purchased of E., which building adjoined on the north the building of plaintiff. Plaintiff and defendant then entered into a parol agreement, whereby defendant was to make an entrance, doorway, and stairway in the front of his building next to and adjoining the north wall of plaintiff's building, and was to make a landing-place at the head of the stairway, opposite to a doorway to be cut by plaintiff through his north wall; and when the buildings were completed, the plaintiff, his heirs and assigns, should forever have, use and enjoy the free use of a right of way in, to, over and about the landing-place, stairway, doorway and entrance so to be made by defendant in his building; and in consideration of this agreement on the part of defendant, plaintiff was to make the defendant a good and sufficient deed for the north-half of the plaintiff's north wall, and the defendant was to use said partition-wall as the south wall of his (defendant's) building. And it was further agreed that plaintiff should cut a door-way in his north wall opposite to the landing-place at the head of the stairway to be made in defendant's building, and that plaintiff should arrange the second story of his said building with reference to obtaining ingress and egress thereto and therefrom by means of the landing-place, stairway and doorway in defendant's building. Plaintiff further alleges, that he, relying on this parol agreement, with a full knowledge on the part of defendant that he was relying on it, at great expense cut a doorway through his north wall opposite to the landing-place at the head of the stairway in defendant's building, and also at great expense arranged the second story of his building with direct reference to obtaining ingress and egress thereto and therefrom by means of the doorway, stairway and landing-place in defendant's building; that about the 11th of August, the plaintiff, for the purpose of carrying out his part of the parol agreement with defendant, made defendant a good and sufficient deed for the north-half of his said north wall; that while the consideration mentioned

in this deed was the sum of one dollar, yet that in truth and in fact there was no money consideration for it, but that the only consideration therefor was the agreement made by the defendant to the plaintiff as to his (the plaintiff's) free use of the stairway, etc., in defendant's building; that both buildings have been completed, and are permanent structures, built of brick, stone, iron, and wood, and that the north wall of plaintiff's building is the south wall of defendant's building; that the defendant has failed to perform his part of the contract, except, only, that he built in his building the doorway, stairway and landing-place that he agreed to; that the plaintiff, relying upon the promises of the defendant, upon the completion of his building moved with his family into the second story of his building, and has used and occupied the same ever since as his residence; that for the purpose of ingress and egress to and from his second story, it is necessary to use the stairway, etc., in defendant's building; that plaintiff has faithfully carried out his part of the parol agreement entered into between him and defendant, but defendant, for a long time prior to the commencement of this action, has, in direct violation of his said agreement, forbidden and refused to allow plaintiff or his family to use said landing-place, stairway, and doorway in his building; that the reasonable worth and value of the half of plaintiff's north wall, that was deeded to defendant by plaintiff, was the sum of $530; that the expense of cutting a doorway through his north wall was the sum of $25; that plaintiff will be damaged if not permitted to use the stairway, etc., in defendant's building according to agreement, in at least the sum of $500; that unless the defendant be restrained from interfering with the plaintiff's free use of the stairway, etc., plaintiff will be without remedy. Wherefore," etc., closing the petition with a prayer for appropriate relief.

Now can there be any question but that this finding negatives the existence of any such parol agreement as is alleged in the petition, and in so negativing it completely disposes of plaintiff's claim for relief? If defendant not only never agreed to give plaintiff the continued, free, and unrestricted use of said stairway, but also never agreed to give him any other right or interest that he could not ignore at any time, he has certainly done no legal wrong to the plaintiff in preventing the further use of the stairway; and the courts can-

not interfere to adjust and enforce the obligations of mere neighborly courtesy and kindness. If we turn to the testimony, we find that there was enough to sustain the finding, and such also as to justify the form in which it was made. The defendant testified, that while the work was progressing a written agreement was presented to him for his signature, which would give the plaintiff the rights he now claims; that he refused to sign it, and told the plaintiff that he would not sign anything that would interfere with his rights to sell, and would not give him any rights whatever in his building. At another time he said he had no objections to plaintiff's using the stairs so long as their respective families occupied the second stories, and could agree, but he would not give him any rights that he could not ignore, and that he did not believe any house or any stairway was ever built big enough for two families, but he had no objections to the plaintiff's trying to see how it would work. Evidently the court found in accord with this testimony. That finding is conclusive upon us, and we think decisive of the case adversely to the plaintiff.

There being no other matter presented for our consideration, the judgment will be affirmed.

All the Justices concurring.