## BRIGGS & WATSON V. J. G. EGGAN.

SEPARATE FINDINGS OF FACT, AND OF LAW; *When Error Not to Make.*
Where an action is tried by the court without a jury, and one of the
parties requests the court, in accordance with section 290 of the civil
code, to state in writing, its conclusions of fact found, separately from
its conclusions of law, and the court refuses so to do, and makes only
one general finding of fact and of law, which finding is against the
party making such request, and in favor of the other party, and judg-
ment is rendered according to such finding, the court commits sub-
stantial error.

*Error from Atchison District Court.*

EGGAN, as plaintiff, had judgment at the March Term
1875, against *Briggs* and another. The errors complained of
are fully stated in the opinion. Defendants bring the case
here.

*Aaron S. Everest,* for plaintiffs in error.

*T. Metcalfe,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a written guar-
anty for the payment of a certain promissory note. The
action was commenced and first tried in a justice's court.
It was then taken on appeal to the district court, where it
was again tried. This second trial was before the court
alone, a jury having been waived. After all the evidence
was introduced on the trial, but before any finding was made
by the court, the defendants below (plaintiffs in error) re-
quested the court to state in writing its conclusions of fact
found, separately from its conclusions of law. This the
court refused, and then found generally in favor of the plain-
tiff below, and ordered that judgment be rendered accord-
ingly for the sum of $166.56, to all of which the defendants
duly excepted. The defendants then made said request
again, this time making it in a more formal and elaborate

manner than before, and the court again refused, and the defendants again excepted. The defendants then in a very formal manner presented to the court seventeen written conclusions of fact, and one written conclusion of law, and requested the court to adopt them, or to adopt any part or portion thereof which the court might think proper; but the court wholly refused, and refused to even entertain the defendants' request, and the defendants again excepted. The court then rendered judgment in favor of the plaintiff and against the defendants for $166.56, and costs, and the defendant again excepted. The defendants, within proper time, made a motion for a new trial, upon various grounds, one at least of which grounds would include the said supposed errors of the court in refusing to find separately and specially, which motion the court overruled, and the defendants again excepted. Defendants now, as plaintiffs in error, present said supposed errors of the court below to this court, and ask that the judgment of the court below shall be reversed because of such errors. The court below certainly erred in refusing to make said separate conclusions of fact, and conclusions of law, and for such error we think the judgment rendered in the case must be reversed. Section 290 of the civil code provides as follows:

"Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its finding, except generally, for the plaintiff or defendant, unless one of the parties request it with the view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state, in writing, the conclusions of fact found, separately from the conclusions of law." (Gen. Stat. 684.)

That the right of a party to have the court make separate conclusions of fact and of law is a substantial right, we would refer to the following cases: *Major v. Major*, 2 Kas. 337; *Lacy v. Dunn*, 5 Kas. 567; *Shelton v. Dunn*, 6 Kas. 132, 133; *Ulrich v. Ulrich*, 8 Kas. 402, 409; *St. L. & C. Rly. Co. v. Piper*, 13 Kas. 505; *Gest v. Kenner's Adm'r*, 7 Ohio St. 75; *C. & T. Rld. Co. v. Johnson*, 10 Ohio St. 591: And that a

judgment should be reversed for a refusal to grant such right, see, *Russell v. Armador*, 2 Cal. 305; *Hoagland v. Clary*, 2 Cal. 474; *Brown v. Brown*, 3 Cal. 111; *Lee v. Marsh*, 19 Mich. 11; *Stancell v. Corning*, 21 Mich. 242; *Evans v. Kappes*, 10 Iowa, 586; *Ogden v. Glidden*, 9 Wis. 47. This court has held, under the laws of 1870, (page 173, § 7,) that it was substantial error for the court to refuse to direct the jury to find a special verdict when requested so to do by either party. (*L. L. & G. Rld. Co. v. Rice*, 10 Kas. 426, 435; *Bush v. Peake*, 14 Kas. 290; *National Bank v. Peck*, 8 Kas. 665.) And this court has also held, under the laws of 1874, (pages 140, 141, § 1,) that it was substantial error for the court to refuse to direct the jury to find upon particular questions of fact in addition to their general verdict, when requested so to do by either party. (*Bent v. Philbrick*, 16 Kas. 190.) And we think the court committed substantial error in this case by refusing to make special findings of fact and of law, as requested by the defendants below. Of course, the court is not bound to make special findings concerning immaterial facts; nor is the court bound to find the material facts in any greater detail than is really necessary for the correct decision, by a higher court, of the questions of law involved in the case. (*McCandliss v. Kelsey*, 16 Kas. 557; and cases applying to verdicts— *National Bank v. Peck*, 8 Kas. 661; *City of Wyandotte v. White*, 13 Kas. 190, 196; *Bent v. Philbrick*, 16 Kas. 190.) And of course, where the court attempts to make special findings, as requested by a party, and inadvertently fails to make a special finding upon some particular matter in controversy, or makes such finding in too general terms, the court does not thereby commit substantial error, unless its attention is first called to the omission to find, or to the defective finding, and it then fails or refuses to correct the same. (See cases with respect to verdicts, which are analogous; *Hazard Powder Co. v. Viergutz*, 6 Kas. 471; *Arthur v. Wallace*, 8 Kas. 267; *Copeland v. Majors*, 9 Kas. 104; *K. P. Rly. Co. v. Pointer*, 14 Kas. 51, 52; *Carlin v. Donegan*, 15 Kas. 496.)

The judgment of the court below in this case is reversed, and cause remanded for a new trial.

BREWER, J., concurring.

HORTON, C. J., not sitting in the case.