THOMPSON *et al.*, V. RUSSELL.

*[Opinion Filed Jan. 27, 1893.]*

1. EQUITY PRACTICE—*Special Findings—Refusal to Make.*—Code Civil Proc. art. 1, c. 70, § 1, abolishes all distinction in pleading and practice between actions at law and suits in equity. Article 19, c. 70, § 2, provides that on trial of questions of fact by the court it shall not be necessary for the court to state its findings except generally, "unless one of the parties request it with a view of excepting to the decision of the court upon the questions of law involved in the trial, in which case the court shall first state the facts in writing, and then the conclusions of law upon them, and judgment shall be rendered accordingly." *Held*, that it was error in an equity case to refuse a request of defendants that the court sta e the facts in writing and the conclusions of law thereon.

*Appeal from the District Court of Canadian County,' Hon. A. J. Seay, Judge.*

Action by Thomas Russell against James Thompson and Edward Burhart to cancel a deed, and for the specific performance of a contract to convey land. From a judgment for plaintiff, defendants appeal. Reversed.

*C. O. Blake,* for appellants.

The opinion of the court was delivered by

BURFORD, J.: The appellee Russell brought his action in the district court of Canadian county to enforce the specific performance of a contract for the conveyance of real estate as against the appellant Thompson, and to procure the cancellation of a deed from Thompson to appellant Burhart. The defendants, the appellants here, filed their answer in which they set up failure of consideration, fraud and recision of contract. Issues were joined, trial had by the court and judgment rendered for the appellee, and a decree entered canceling the deed from Thompson to Burhart and directing Thompson to convey the real estate in question to the appellee.

From this judgment Thompson and Burhart appealed to this court.

It appears from the bill of exceptions that immediately after the evidence was closed and before the court had began to state his findings or conclusions, the defendants filed their request in writing that the court state the facts in writing and the conclusions of law thereon, This request the court refused, and proceeded to render judgment generally for plaintiffs. Exception was saved and this action of the trial court is properly assigned as error. Section 2, Art. 19, Chap. 70, of the code of civil procedure provides that "upon trials of questions of fact by the court it shall not be necessary for the court to state its findings except generally, for

the plaintiff or defendant, unless one of the parties request it with a view of excepting to the decision of the the court upon the questions of law involved in the trial, in which case the court shall first state the facts in writing, and then the conclusions of law upon them, and judgment shall be rendered accordingly."

This statute is mandatory, and leaves the court no discretion when the request is made at the proper time.

Section 1, Art. 1, Chap 70, abolishes all distinctions in pleading and practice between actions at law and suits in equity.

In the case at bar, while it was a suit in equity the same rules of practice prevail as in actions at law and as a trial was had by the court of questions of fact, it was the duty of the court when requested to first state the facts in writing and then the conclusions of law upon the facts found.

When a request is properly made it is the imperative duty of the court to comply with the request by making such special finding. (*Smith v. Uhler*, 99 Ind. 140.)

Section 290 of the civil code of Kansas is identcal in its provisions with our statute on this subject, and the supreme court of that state has repeatedly held that the right of a party to have a court make separate conclusions of fact and of law is a substantial right. *Major v. Major*, 2 Kas. 337; *Lacy v. Dunn*, 5 Kas. 567; *Ulrich v. Ulrich*, 8 Kas. 409; *Briggs v, Eggan*, 17 Kas. 590.

A judgment should be reversed for a refusal to grant such right *Briggs v. Eggan*, 17 Kas. 590; *Russel v. Armador*, 2 Col. 305; *Stancel v. Covering*, 21 Mich. 242; *Evans v. Koppes*, 10 Iowa 586; *Ogden v. Glidden*, 9 Wis. 47.

For the error of the court in refusing the request of the defendants to make special findings of fact and con-

clusions of law, this case must be reversed.   Some other errors are assigned, but inasmuch as they may not necessarily arise on another trial of the cause, we need not review them here.

The judgment of the district court of Canadian county is reversed at the costs of the appellee, with directions. to grant a new trial.

All the justices concurring.