## SMITH v. HARROD.

### No. 840.    Opinion Filed May 9, 1911.

#### (115 Pac. 1015.)

1.  **CONSTITUTIONAL LAW**—Self-Executing Provisions—Election of Judge Pro Tem. That portion of section 9, art. 7, of the Constitution, providing for the election of district judges pro tempore by the members of the bar of the district present where a regular judge is disqualified in any cause, is not self-executing.

2.  **TRIAL**—Trial to the Court—Conclusions of Fact and Law—Requests for Separation. Where a cause is tried to the court without a jury, and a party desires the conclusions of fact and law found by the court stated separately in writing by the court, request therefor should be made before the finding of the court is made and filed in the cause.

    (Syllabus by the Court.)

*Error from District Court, Pottawatomie County; W. M. Engart, Judge pro tem.*

Action between Lee Smith and Stephen J. Harrod. From the judgment, Smith brings error. Reversed.

*Joe M. Adams, B. B. Blakeney,* and *J. H. Maxey,* for plaintiff in error.

*J. H. Woods* and *W. S. Pendleton,* for defendant in error.

HAYES, J.  The regular judge of the court below in which this cause was tried was disqualified to sit and preside in this action, and the court made an order directing the election of a special judge by the members of the bar of the district present; and the cause was tried before the special judge so elected.

Plaintiff in error has objected to the election of a special judge and to the judge elected upon the ground that that portion of section 9, art. 7, of the Constitution, authorizing the election of a judge *pro tempore* by the members of the bar of the district present to try any cause in which the regular judge shall be disqualified, is not self-executing.  Upon the authority of *Spade v. Morton,* 28 Okla. 384, 114 Pac. 724, this contention must be sustained.  Prior to an act of the Legislature prescribing the procedure for the election of a judge *pro tempore* by the members of the bar, this provision was not self-executing, and the special judge elected was without authority to sit in the case.  Until this provision was made effective by an act of the Legislature, prescribing the procedure, the remedy of a party in a cause in which the regular judge was disqualified was either to agree upon a judge *pro tempore* or to have some other district judge of the state designated by the Chief Justice of the Supreme Court to try such case.  Section 9, art. 7, Const.

By a second assignment of error, complaint is made of the action of the court in overruling a motion for continuance.  Since, on account of the error already suggested, this cause must be reversed and a new trial had, and it does not appear that the facts set up in the motion for continuance are likely to occur in the subsequent proceedings in the cause, it is unnecessary to consider this assignment.

Plaintiff in error also complains that the findings of fact and conclusions of law were not separately made and stated by the trial court to whom the cause was tried without a jury.  The

complaint is not that the court made a general finding, but that in making special findings of fact and conclusions of law he did not separately make and state them. Section 4477, Wilson's Rev. & Ann. St. 1903, provides:

"Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its findings, except generally, for the plaintiff or defendant, unless one of the parties request it, with the view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state in writing the conclusions of fact found, separately from the conclusions of law."

The provision of the foregoing section, requiring upon request of one of the parties the conclusions of fact and conclusions of law to be separately stated, is mandatory; and failure of the court to do so denies a substantial right, and is reversible error. *Thompson v. Russell,* 1 Okla. 225, 32 Pac. 56. But the request for such findings should be made before the court announces its findings. *Smythe et al. v. Parsons et al.,* 37 Kan. 79, 14 Pac. 444; *Wilcox v. Byington,* 36 Kan. 212, 12 Pac. 826. In the last case cited, Mr. Chief Justice Horton, delivering the opinion of the court, said:

"The defendant below never made any request to the court to state its conclusions of fact and of law until after his motion had been overruled (referring to motion for a new trial). Then it was too late. The request should have been made before the court announced its findings. It is the general rule of practice for the parties to request the court, either just before or at the close of the argument made in the case, to state its findings in writing. Clearly the request should be made before the final decision of the court."

It is not made to appear from the record that any request to find and state separately his conclusions of fact and conclusions of law was made by plaintiff in error before the court announced and filed his findings. Such request was made after the findings had been filed; but we think it came too late to render the action of the court thereon reversible error.

For the error of the court in ordering the election of a special judge and in electing such judge, the cause must be reversed.

All the Justices concur.