## BRYAN v. OKMULGEE COUNTY BUSINESS MEN'S ASS'N et al.

No. 9205.—Opinion Filed Nov. 19, 1918.

(176 Pac. 226.)

(Syllabus.)

**Trial—Trial by Court—Statement of Conclusions—Statute—"Conclusion of Law."**

Where, in an action, questions of fact are tried by the court without a jury, and after the close of the evidence and before judgment one of the parties requests the court, in accordance with the provisions of section 5017, Revised Laws 1910 to state in writing its conclusions of fact found separately from its conclusions of law, with the view of excepting to the decision of the court upon the questions of law involved in the trial, and where there is a conflict in the testimony upon a material issue, and the court refuses to comply with such request and renders judgment against the party making it, such failure to so state the conclusions of fact and of law constitutes reversible error.

Error from District Court, Okmulgee County; Ernest B. Hughes, Judge.

Suit by Clark F. Bryan, doing business under the firm name and style of the Okmulgee Credit & Collection Service, against the Okmulgee County Business Men's Association and Dave U. Franke and others, as officers, directors, and members of such association. Judgment for defendants, and plaintiff brings error. Reversed, and cause remanded for new trial.

M. A. Dennis, for plaintiff in error.

Belford & Hiatt, for defendants in error.

TISINGER, J. Clark F. Bryan, doing business under the firm name and style of the Okmulgee Credit & Collection Service, brought suit in the district court of Okmulgee county against the Okmulgee County Business Men's Association and certain defendants therein named as officers, directors, and members of such association to recover the purchase price of a credit-rating system alleged to have been sold by the plaintiff to the Business Men's Association.

Plaintiff alleged in substance that he was the owner of the credit-rating system; that the Okmulgee County Business Men's Association was an unincorporated association, organized and created for the purpose of giving credit ratings for the benefit of the business men of Okmulgee county and maintaining a collection service in connection therewith; that Dave U. Franke and the other defendants named in the petition were officers, directors, and members of the association; that on December 11, 1914, Franke and the other defendants, at a meeting of the association, of which they were members, officers and directors, and which meeting they attended, authorized and directed the secretary of the association, by motion duly made and carried, to purchase from plaintiff the credit-rating system; that, in pursuance of said authorization, the secretary did purchase it, giving plaintiff the promissory notes of the association signed by him as secretary, for part of the purchase price, and accepting for the association a bill of sale together with the physical property of the system, which property the association retained and used.

Plaintiff also alleged that the balance of the purchase price for said credit-rating system was to have been paid to him out of the membership fees of new members of the association, which he and the secretary of the association were to secure; that he worked diligently to secure new members; but that the association having failed to cause its secretary to assist him in securing them as it had agreed to do, he was unable to do so, although ready and willing at all times to solicit the same.

To the petition were attached a copy of the minutes of the meeting of the association on December 11th. showng that the secretary was authorized to purchase the credit-rating system, a copy of the bill of sale from plaintiff to the Business Men's Association, and copies of the promissory notes sued on signed by the Business Men's Association, by its secretary.

The defendants jointly answered the petition filed against them. The material parts of their answer were their denial that they had ever authorized the secretary of the association to purchase from plaintiff the credit-rating system; their denial that any motion or resolution was passed or adopted at the meeting of the association on December 11, 1914, authorizing the secretary to purchase the credit-rating system for them; the allegation that at said meeting it was expressly stated that the association would not purchase the credit-rating system; and their denial that the secretary of the association had any authority from the association, or its members, to execute promissory notes or obligations of the association for the purchase of the same.

The plaintiff replied to this answer by a general denial, and by alleging that the defendants by accepting, using the credit rating system, and receiving the benefits therefrom, had ratified the purchase thereof.

The case was tried to the court without a jury, and evidence was taken to sustain the contention of the respective parties.

Before the court rendered judgment on the issues made by the pleadings, the plaintiff filed his written request that the court state in writing the conclusions of fact found separately from the conclusions of law. The journal entry of judgment recites:

"Prior to the decision of the court and the rendition of judgment in said cause, plaintiff made and filed his application in writing for separate and special findings of fact and conclusions of law, which application the court refused to grant, except to find that the plaintiff had failed to sustain the burden of proof, and refused to make such special and separate findings of fact and conclusions of law in writing."

According to our view of the law. the action of the court in refusing to state in writing the conclusions of fact found separately from the conclusions of law was error.

Section 5017, Revised Laws of 1910, reads as follows:

"Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its findings, except generally, for the plaintiff or defendant, unless one of the parties request it, with a view of excepting to the decision of the court upon the questions of law involved in the trial; in

which case the court shall state in writing, the conclusions of fact found, separately from the conclusions of law."

This section of our Code was taken from the state of Kansas, where it had repeatedly been construed by the Supreme Court of that state. These decisions uniformly held that the right of a party to have the court make separate conclusions of fact and of law is a substantial right, and that a judgment should be reversed for a refusal to grant such right. After the statute was adopted as part of the laws of the territory of Oklahoma, it was given the same construction by the territorial Supreme Court. And since statehood this court has repeatedly held that the provisions of this section requiring the court, when a timely request is made, to state in writing the conclusions of fact found separately from the conclusions of law, is mandatory, and that a failure so to do denies a substantial right and is reversible error. Thompson v. Russell, 1 Okla. 225, 32 Pac. 56; Smith v. Harrod, 29 Okla. 3, 115 Pac. 1015; Ins. Co. of N. A. v. Taylor, 34 Okla. 186, 124 Pac. 974.

The finding of the court, embodied in its journal entry, to the effect that plaintiff had failed to sustain the burden of proof, is a conclusion of law rather than a finding of fact.

The plaintiff has brought the pleadings here, and an examination of the record shows that testimony was offered in support of his allegation that the secretary of the association was authorized to purchase from plaintiff the credit-rating system. If this testimony had been true, it would have changed the result and compelled a different judgment. It appears that the court did not believe it to be true; or, at least, the court believed that the preponderance of the evidence supported the defendant's contention that no such authority had been given him.

The court denied the plaintiff a plain statutory right to have the conclusions of fact found stated in writing separately from the conclusions of law. The request for it to do so was made before judgment was announced, or rendered. It was therefore the duty of the court to make separate findings or conclusions of fact on all the facts put in issue by the pleadings, material to the controversy, and separate conclusions of law on the facts so found.

The judgment of the trial court is reversed, and the cause remanded for a new trial.

All the Justices concur.