REED v. RICHARDS & CONOVER HARDWARE CO.

No. 29769.    Jan. 21, 1941.

Rehearing Denied Feb. 25, 1941.

*110 P. 2d 603.*

Smith & Siler and Nelson Rosen, all of Oklahoma City, for plaintiff in error.

C. M. Branson, of Oklahoma City, for defendant in error.

PER CURIAM. The plaintiff filed an action on an open account for goods sold and delivered to E. A. Reed, defendant. Reed answered and defended on the theory that the promise to pay the account was an oral promise to pay the debt of one Moore for goods sold to Moore. A trial to the court without a jury resulted in a judgment for the plaintiff. Defendant appeals and presents two propositions: (1) Error of the court in the finding that the contract was not within the statute of fraud; (2) failure to make separate findings of fact and conclusions of law.

Disposing first of the alleged error in the refusal of the court to hold that the contract was within the statute of frauds, we find that the secretary of the plaintiff testified that the defendant, Reed, came to him to open an account for some floor furnishings; that he made the arrangements for credit to Reed; that Moore was not known in the transaction.

If the credit was extended to Reed originally and not collaterally, it was an original indebtedness of Reed and he was not a guarantor or surety, and the relationship as between the plaintiff and the defendant would be one of creditor and debtor, and such promise would not be a promise to pay the debt of another, but a promise to pay his own debt. Section 9600, O. S. 1931, 15 Okla. St. Ann. § 321, defines the term guaranty as follows:

"A guaranty is a promise to answer for the debt, default or miscarriage of another person."

Section 9603, O. S. 1931, 15 Okla. St. Ann. § 325, provides that such contract must be in writing and signed by the guarantor. The question generally is whether the promise is for the debt of another or an original promise, or, to use the words in common parlance, whether the promise be collateral or original. If it is an original promise, it need not be in writing. As was said in Forster-Davis Motor Co. v. Abrams, 175 Okla. 464, 53 P. 2d 569, if the credit was extended solely to the party whose promise to pay is sought to be enforced, he is regarded as the buyer, and his promise to pay is original and not collateral, and is therefore not within the statute of frauds as a promise to answer for the debt of another. To determine the question as to whether the transaction is a sale to the promissor or parol guaranty upon his part of payment by another, the language of the promise is to be construed in the light of acts of the parties and the surrounding circumstances, and the question is one of fact. Kessler v. Cheadle, 12 Okla. 489, 72 P. 367; Trulock v. Blair, 8 Okla. 345, 58 P. 1097; May v. Roberts, 28 Okla. 619, 115 P. 771; Waldock v. First Nat. Bank, 43 Okla. 348, 143 P. 53.

It is wholly immaterial that in consequence of the performance of a contract the debt of some one else will be paid, and immaterial, too, whether or not the original debtor remains liable. Lindley v. Kelly, 47 Okla. 328, 147 P. 1015; Newkumet v. Meyer, 138 Okla. 136, 280 P. 579. Therefore, the fact that Moore was liable or that plaintiff attempted to collect from Moore would not, as argued by defendant, change the original liability of defendant Reed. We are of the opinion that there is sufficient evidence in the record to justify the court in finding that the promise was an original promise by the defendant, Reed.

Finally error is alleged in failure to make a separate finding of fact and conclusion of law at the request of the defendant. While this court has held that

454

it is error to refuse to make a separate finding of fact at the request of a party to the action (Thompson v. Russell, 1 Okla. 225, 32 P. 56; Rogers v. Bonnett, 2 Okla. 553, 37 P. 1078; Smith v. Harrod, 29 Okla. 3, 115 P. 1015; Insurance Company of North America v. Taylor, 34 Okla. 186, 124 P. 974), yet we find no error in the action of the court in the case at bar in the light of the holdings of this court in McAlpin v. Hixon, 45 Okla. 376, 145 P. 386; Potts v. First State Bank of Talihina, 51 Okla. 162, 151 P. 859, and Grant v. Mathis, 96 Okla. 65, 220 P. 331. In these latter cases it is pointed out that the rule announced in the former cases was too broad, and that it was not prejudicial error in every case to deny a request for a separate finding of fact. The court is not bound to make separate findings concerning immaterial facts, nor is the court bound to find the material facts in any greater detail than is really necessary for the correct decision, by a higher court, of questions of law involved in the case. Briggs v. Eggan, 17 Kan. 589.

It was purely a question of law from the facts as to whether or not the agreement was original or collateral. The court in rendering judgment could hardly have arrived at any conclusion other than that the promise of the defendant, Reed, was an original promise and not collateral. To require a separate and specific finding of fact as to whether the court believed the plaintiff or the defendant would, in the words of Grant v. Mathis, supra, require a useless thing to be done and result in no practical benefit. We therefore hold that the court did not err in refusing to make a separate finding of fact and conclusion of law.

Finding no error in the judgment of the court, the same is affirmed.

WELCH, C. J., and RILEY, BAYLESS, GIBSON, and HURST, JJ., concur.