B. Neil DAVIS and Sue Davis, husband and wife, Appellants,

v.

SCHOOL DISTRICT NO. D–14, LeFLORE COUNTY, Oklahoma; School District No. I–3, LeFlore County, Oklahoma; Ron Glenn, Principal of Hodgens, Oklahoma Schools; Dale Elliott, Superintendent of Heavener, Oklahoma Public Schools; Charles Cox, County Commissioner, LeFlore County, Oklahoma, District No. 3, Appellees.

No. 54190.

Supreme Court of Oklahoma.

March 10, 1981.

Larry B. Lucas, Poteau, for appellants.

Terry L. Amend, Dist. Atty. of LeFlore County, by Ted A. Knight, Asst. Dist. Atty., Poteau, for School Dist. D–14, LeFlore County, Okl., Ron Glenn, Principal of Hodgnes Schools, and Charles Cox, County Comissioner of LeFlore County.

Mike Sullivan, Sullivan & Sanders, Poteau, for School Dist. No. I–3, LeFlore County, Oklahoma.

HARGRAVE, Justice.

The plaintiffs, now appellants B. Neil and Sue Davis, instituted this action in the District Court of LeFlore County on August 23, 1979, to procure a permanent injunction against School District No. D–14 and No. I–3 of LeFlore County, Oklahoma. In this petition plaintiffs alleged their two children, one a student at Hodgens School and one a student at Heavener School, were being refused school bus service. Plaintiffs alleged the school districts had a duty to transport all children residing more than a mile and a half from the school they attended. Plaintiffs also alleged they received the desired transportation service for the school year 1978, but that beginning in August, 1979 that service was discontinued arbitrarily and capriciously. Further, plaintiffs pled the defendant County Commissioner of LeFlore County had a duty to maintain all roads in the county and should the Court rule that bus service over four and one-half miles of forest service road was validly discontinued due to the dangerous nature of that road, plaintiffs requested relief against the defendant County Commissioner requiring maintenance of the road be continued. The petition sought, in addition to a permanent injunction, a temporary restraining order which was granted the day the petition was filed. That order set the 31st day of August as the hearing date on the temporary injunction. Prior to that hearing the plaintiff requested written findings of fact and conclusions of law. That request was made in writing. The hearing was held on the appointed day and testimony taken. Thereafter plaintiffs requested the court to inspect the roads traveled by the school buses of the districts. The written request

was made in order that the court be more fully advised on the condition of those roads, as the evidence weighed heavily on the safety of the road plaintiffs resided upon as compared to the remainder of the routes. Ten days after the hearing and a subsequent inspection of the roads by the court, an order was issued vacating the temporary restraining order and denying a temporary injunction.

Plaintiffs filed their petition in error and this Court, noting the appeal to be on interlocutory order appealable by right under 12 O.S.1980 Supp. § 993, set briefing time, denied a motion to advance the cause, and deferred the motion for oral argument, which is now ordered denied.

Appellants' first contention is that the trial court committed reversible error in denying plaintiffs' motion for written findings of fact and conclusions of law. The statutory basis in this jurisdiction for the trial court's duty to make findings of fact and conclusions of law is 12 O.S.1971 § 611 which provides:

> Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its findings, except generally, for the plaintiff or defendant, unless one of the parties request it, with the view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state in writing, the conclusions of fact found, separately from the conclusions of law.

The appellants properly invoked the statute by making their request in writing before the court had rendered its judgment in the premises. *Britton v. Absher*, 290 P.2d 769 (Okl.1955), *Western Casualty & Surety Co. v. J. R. Adams, Inc.*, 465 P.2d 794 (Okl.App.1970). The trial court has denied the temporary injunction requested in an order dated September 10, 1979. Therein the court devoted one paragraph to the finding and conclusion as follows:

> The court having heard the evidence and being personally familiar with the road in question and having previously ruled that the road as it now exists is

unsafe for school bus travel finds that the actions of the defendants were not unreasonable and certainly not an abuse of discretion.

Although not separately stated, the trial court has clearly indicated that pursuant to the evidence and a view of the road taken after a motion to inspect the premises, the court found the road to constitute a hazard to school bus travel. The trial court then concluded that the discretion exercised by the school districts in refusing to travel over the road was certainly not an abuse of discretion. These two points are conclusive to the resolution of the issues presented in plaintiffs' request to temporarily enjoin the districts from refusing bus service to plaintiffs' door under the applicable statutes. That being the case there is no reversible error in the alleged failure to comply with 12 O.S.1971 § 611. As was stated in *Reed v. Richards & Conover Hardware Co.*, 188 Okl. 452, 110 P.2d 603 (1941), it is not prejudicial error in every case to deny a request for a separate finding of fact for the court is not bound to make findings of immaterial facts, nor is the court required to find material facts in greater detail than necessary for a correct decision of questions of law involved in the case in the event the action is reviewed by a higher court. *The Tulsledo Oil Co. v. State Commissioners of the Land Office*, 386 P.2d 161 (Okl.1963), *Roberts v. C. F. Adams*, 199 Okl. 369, 184 P.2d 634 (1947), *Reed v. Richards & Conover Hardware Co., supra.* The determination of the presence of reversible error in this instance revolves upon denial of a substantial right under all the facts and circumstances of the action. *Casualty Reciprocal Exchange v. Waggoner Drilling Co.*, 340 P.2d 490 (Okl.1959). The order denying the temporary injunction contains a fact finding which necessitates the legal conclusion that the defendants' actions were not an abuse of their legal discretion. Such a fact and conclusion are fatal to plaintiffs' cause of action, and adequately expressed the basis of the court's decision for appellate review of its correctness. *Douthit v. Scott*, 195 Okl. 70, 155 P.2d 538

(1945). Finding 12 O.S.1971 § 611 was substantially complied with, we do not reach defendant School District 14's argument that 12 O.S.1971 § 611 applies only to a trial on the merits and not a show cause hearing for temporary injunctive relief.

 The appellants contend the trial court erred in sustaining a demurrer as to the defendant County Commissioner of LeFlore County, District # 3. The appellants contended in their petition in error that Charles Cox had a statutory duty to maintain the road to their house and sought mandamus to require upkeep of the road. 69 O.S.1971 § 601[1] refers to maintenance of county roads. The commissioner's mandatory duty therein described is only to maintain as county highways those roads which best serve the most people of the county. Jurisdiction of the commissioners over designation, construction, maintenance and repair of county highways is exclusive under the express terms of the last sentence of the statute. This Court has stated it will generally not interfere with that jurisdiction. *Oldfield v. Donelson*, 565 P.2d 37 (Okl.1977). Plaintiffs' petition alleging the commissioner had a duty to maintain all roads within his district is thus without statutory support in a statute giving him the exclusive jurisdiction to determine those roads which best serve the most people, and was properly demurrable, there being no such mandatory duty as pled.

■ Lastly, plaintiff appellants propose as reversible error the denial of the temporary injunction under the evidence before the court. The refusal of a request for a temporary injunction is largely a matter of judicial discretion to be determined from the facts of each case. *Noel v. Locker*, 382 P.2d 734 (Okl.1963). Appellants admit that the controlling statute, 70 O.S.1973 § 9–101, gives school boards the discretion to provide transportation and does not require the board to so provide. Appellants additionally state that the court has recognized in the past that equity will not control the discretion of a board on a subject within its power but will enjoin a board from attempting wrongful acts outside the limits of its discretion. *Town of Afton v. Gill*, 57 Okl. 36, 156 P. 658 (1916). The lengthy transcript reveals that the 4½ mile road which plaintiff is seeking to require the defendants' school buses to travel each day is hazardous. Thus under the evidence the school board is not shown to have abused its discretionary powers in refusing to require the bus to travel over the road, and the trial court in turn did not abuse its discretion in refusing to grant an injunction requiring travel over such a road.

AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.

All Justices concur.

---

**1.** Now superseded. See 69 O.S.Supp.1979 § 601.