**MILLER v. FRAMPTON, Sheriff, et al.**

No. 13554—Opinion Filed Feb. 26, 1924.

Rehearing Denied July 1, 1924.

**1. Public Lands—Forfeiture of School Land Leases—Jurisdiction.**

Section 9384, Comp. Stat. 1921, has vested in the Commissioners of the Land Office jurisdiction to hear and determine forfeiture proceedings covering school land leases, where the lessee has violated the provisions of said section in the payment of the annual rentals, and the School Land Commission is the only tribunal in which such proceedings may be initiated for the determination of the rights between the school land lessee and the state.

**2. Same—Status of Judgment.**

The School Land Commission in the exercise of such jurisdiction is acting in the nature of a quasi judicial tribunal, and in relation to such proceedings its judgment in forfeiture proceedings is in the same status as a judgment rendered by a court of general jurisdiction in relation to subject-matter of which it has jurisdiction.

**3. Same—Writ of Ouster.**

Section 9333, Comp. Stat. 1921, grants power to the School Land Commission to issue a writ of ouster against the lessee in possession or those claiming by or under him, based on the forfeiture proceedings, and cause the sheriff of the county in which the land is situated to execute the same as fully as if the writ had been issued on the judgment out of a court of general jurisdiction.

**4. Same—Scope of Jurisdiction.**

The grant of jurisdiction to the School Land Commission to hear forfeiture proceedings in relation to school land leases and of power to issue a writ of ouster against the lessee, and to cause the same to be served by the sheriff of the county in which the land is situated, was within the province of the legislature and the exercise of the jurisdiction granted by said sections 9333 and 9384 by the School Land Commission is within lawfully granted powers.

**5. Same—Preferential Rights of Lessee.**

The preferential rights claimed by the plaintiff are controlled and disposed of adversely to the contention of the plaintiff by Magnolia Petroleum Co. v. Price, 86 Okla. 105, 206 Pac. 1033.

**6. Judgment Sustained.**

Record examined; held, the record supports the judgment of the court denying injunction relief to the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Comanche County; A. S. Wells, Judge.

Action by Henry D. Miller against Geo. H. Frampton, as Sheriff of Comanche, County, A. S. J. Shaw, as Secretary of the Commissioners of the Land Office, to enjoin the sheriff executing a writ of ouster against plaintiff, based on forfeiture proceedings against the plaintiff as a school land lessee. Judgment for defendant. Plaintiff brings error. Affirmed.

Stuart, Sharp & Cruce, A. T. Boys, and W. C. Stevens, for plaintiff in error.

George D. Merritt, for defendant in error.

Opinion by STEPHENSON, C. Heretofore Henry D. Miller, plaintiff, then being in possession of certain of the school lands under lease, made default in the payment of the annual rentals thereon for a period of more than three months. On due notice by the School Land Commission to the plaintiff, the Commission heard and determined a forfeiture proceeding under the provisions of section 9384, against the plaintiff. Thereafter the School Land Commission, under the provisions of section 9333, issued a writ of ouster against the lessee and placed the same in the hands of one of the defendants in error, as sheriff of Comanche county, for execution. The plaintiff then commenced an injunction proceeding against the said sheriff and others to enjoin the officer in the execution of the writ of ouster based on the forfeiture proceedings had before the School Land Commission. Upon the hearing of a motion to dissolve a temporary injunction granted in the cause, the district court denied the injunction relief and the plaintiff has appealed the cause to this court for review, assigning the action of the trial court in denying injunction relief as error for reversal. Among the contentions of the plaintiff are: (a) That under certain congressional and legislative acts he is entitled by the terms of his lease to what is known as preferential right to purchase and hold the property in question, and thereby denies the right of the School Land Commission to enter its judgment of forfeiture proceedings in this case. The contention of the plaintiff is controlled by Magnolia Petroleum Co. v. Price et al., 86 Okla. 105, 206 Pac. 1033, and which disposes of the questions adversely to the contention of the plaintiff. (b) The plaintiff further contends that the School Land Commission is without authority of law to issue a writ of ouster against the plaintiff based on the judgment in the forfeiture proceedings. By the provisions of section 9384, the School Land Commission is granted jurisdiction to hear and determine forfeiture proceedings against the school land lessees for failure to pay the annual rentals, and section 9333 grants the power to the School Land Commission to issue a writ of ouster as based on the judgment in forfeiture proceedings against a school land lessee, or those claiming by, through, or under him, in possession, and cause the warrant to be placed in the hands of the sheriff of the county in which the land is situated for execution. It is true that the School Land Commission has no inherent judicial powers, but in the exercise of those judicial powers granted to it by the Legislature in relation to forfeiture proceedings, its judgment thereon is entitled to the same force and presumption as the judgment of a court of general jurisdiction in relation to subject matter of which it has jurisdiction. Willhite v. Cruce, 70 Okla. 70, 172 Pac. 964; 23 Cyc., page 1082. Under the provisions of section 9333, Comp. Stat. 1921, the School Land Commission has authority to issue a writ of ouster based on the forfeiture judgment for execution against the school land lessee, or person in posession, as fully as a court of general jurisdiction. The School Land Commission in the exercise of the powers granted to it by the provisions of sections 9384 and 9333 is acting within the scope of lawfully granted powers. Our attention has not been directed to any constitutional or statutory provisions which would prevent the School Land Commission exercising the judicial powers granted to it by the sections of statute in question.

Therefore, it is recommended that the judgment of the trial court in denying injunction relief to the lessee be affirmed.

By the Court: It is so ordered.