### DALE v. McCLUNG.

No. 21237. Opinion Filed Sept. 13, 1932.

96

D. P. Parker, for plaintiff in error.

Mauntel & Spellman, for defendant in error.

HEFNER, J. This is an action brought in the district court of Ellis county by Floyd C. Dale against Henry C. McClung to recover damages because of the alleged trespass made by defendant upon the premises of plaintiff, and the removal of improvements therefrom. Defendant defended on the ground that the land upon which the improvements were placed was state school land and that he purchased the same from the School Land Commissioners. At the conclusion of the evidence, the trial court directed a verdict in favor of defendant. Plaintiff assigns this ruling as error.

The evidence shows that the land was originally state school land; that plaintiff purchased the same from the department in 1912, and made a 5 per cent. initial payment thereon; that a certificate of purchase was issued to him by the land office providing for annual payments until the balance of the purchase price was paid. Plaintiff paid the payments provided by the certificate until 1916, at which time he defaulted and no other or further payments have ever been made by him. The Commissioners of the Land Office, in 1925, canceled plaintiff's certificate of purchase and entered an order forfeiting his rights thereunder because of his failure to make the deferred payments provided thereby. This order was made without notice to plaintiff. After making the order the land was reappraised for the purpose of releasing it. Plaintiff ascertained through the appraisers that the order forfeiting his rights had been entered by the Commissioners of the Land Office, and he thereafter appeared before them and requested that they reconsider the order of forfeiture and reinstate his certificate of purchase. Plaintiff testified that he took this matter up personally with the Commissioners, and that some of them agreed to reconsider the order and reinstate the certificate, but that the Governor, who is a member of the Commission, objected thereto, and his request was finally denied. Thereafter, at a public sale, plaintiff bid upon and purchased from the School Land Department the lease on the land in question. At the time he purchased the lease, a representative of the Land Department stated to him that the improvements on the land had been sold to Mr. McClung and that the purchaser of the lease would not get the improvements, but that McClung would be authorized to remove them from the premises. He further testified that this statement was made prior to the time he bid on the lease, but that notwithstanding such statement he purchased the lease and is now holding possession thereunder.

Plaintiff's cause of action is based on the theory that the order of forfeiture entered by the Commissioners of the Land Office is void for the reason that the notice provided by section 2, ch. 57, S. L. 1923-24 [O. S. 1931, sec. 5492] was not served upon him. The trial court held that plaintiff, by his act and conduct, waived such notice, and that the order of forfeiture entered was therefore valid, and directed a verdict in favor of defendant. In our opinion, this ruling of the court is correct.

Plaintiff, after having received notice of the forfeiture, entered a voluntary appearance in the action and asked for reconsideration, which was by the Commission denied. He thereafter acquiesced in the order entered by the Commission by purchasing a lease on the identical land claimed by him under the certificate of purchase. This, with full knowledge that the improvements on the land were already sold by the Land Office to defendant McClung, and that he intended to remove them. By such act and conduct, plaintiff waived service of notice upon him.

Plaintiff urges that chapter 57, S. L. 1923-24 [O. S. 1931, secs. 5491-5494] is unconstitutional. This court has held otherwise in the case of Wilhite v. Cruce, 70 Okla. 70, 172 P. 962. It is there said:

"The Commissioners of the Land Office have authority to exercise such ministerial and judicial functions respecting the state's school lands as may be conferred upon them by the Legislature, and the exercise of such powers is not a denial of 'due process of law' under either the Fourteenth Amendment to the federal Constitution, or section 7, art. 2, of the state Constitution."

See, also, State ex rel. v. McBee, 109 Okla. 20, 234 P. 593. Under these authorities, the act is valid.

The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. SWINDALL, J., not participating.