## DALE v. DEAL.

No. 21236. Opinion Filed Sept. 20, 1932.

112

D. P. Parker, for plaintiff in error.

Mauntel & Spellman, for defendant in error.

HEFNER, J. This is an action brought in the district court of Ellis county by James M. Dale against Charles Deal to recover certain land in that county and for damages for the wrongful detention thereof. As a defense, defendant claimed the right of possession under a lease contract from the School Land Commission of the state. The trial was to a jury and resulted in a verdict and judgment in favor of defendant.

The record shows that the land was originally state school land; that sometime in the year 1912, plaintiff, through his brother, Floyd C. Dale, purchased the land from the state, paying the initial payment of five per cent. of the purchase price, and a certificate of purchase was issued by the Land Commission providing for deferred payments; the payments were made by plaintiff, through his brother, until 1917, after which time no further payments were made on the certificates; that in July, 1925, the Land Commission, without at that time making a formal order of forfeiture, leased the premises to defendant; formal order of forfeiture was entered March 6, 1926. Plaintiff did not occupy the premises personally, but through his brother, F. C. Dale.

Plaintiff contends that notice of forfeiture was not served upon him or his brother, as occupant of the land, prior to the time forfeiture thereof was declared by the Commission. Chapter 57, S. L. 1923-24 [O. S. 1931, secs. 5491, 5494] authorizes the State School Land Commission to forfeit the rights of purchasers of school land for failure to pay deferred payments, and cancel the certificates of purchase issued to them upon failure to pay deferred payments, upon the giving of 90 days' notice. As to the service of the notice, section 2 of the act provides:

"The service of the notice provided for in the foregoing section shall be made by registered mail, to the record owner, or lienholder of record, and to the person or persons in possession thereof. In event the post office or the address of the purchaser or transferee of said land be unknown, the notice shall be published in two consecutive issues of some weekly newspaper published in or of general circulation in the county where the land is situated. The forfeiture shall be entered by the Commissioners of the Land Office after ninety (90) days from the date of the first publication of said notice, or service of registered notice. Provided, that any purchaser or transferee may, within 30 days from the date of said order of forfeiture, appeal from said order to the district court of the county wherein said lands are located by serving legal notice of appeal from the secretary of the Commissioners of the Land Office and executing a good and sufficient bond to the state of Oklahoma in the amount due the Land Office, and the rents and profits thereof. Said bond to be approved by the secretary of Commissioners of the Land Office, and conditioned as provided by law, but in no event will the state of Oklahoma be liable for the costs of said appeal."

If notice were not given and served as provided by this act, in the absence of a voluntary appearance by plaintiff, the order of the Commissioners forfeiting his rights under the certificate of purchase and canceling the same and leasing the land to defendant, is absolutely void. The minutes of the proceedings of the Commission under date of March 6, 1926, recite that notice as provided by section 2, above referred to,

was given and that plaintiff failed to respond thereto and to pay the deferred payments, and by reason thereof the certificate of purchase issued to him was canceled and his rights thereunder forfeited. There is no other record in the office of the Commissioners of the Land Office showing that such notice was given. There is testimony to the effect that it was customary for the Commission, in such cases, to retain a file or jacket in which the return upon notice given was usually kept and filed. The evidence further shows that the jacket in the instant case was missing and could not be produced. No one in connection with the Land Office would testify that such notice was in fact given. Plaintiff testified that he received no notice and that none was served upon him. Floyd C. Dale, the occupant of the premises, likewise testified that no notice was served upon him. The recitation in the minutes of the Commission proceedings that notice was served is not conclusive, and the evidence offered to the contrary was admissible for the purpose of contradicting the recitation contained in the minutes.

If, under the evidence, the jury had found, under proper instruction, that notice was, in fact, given and served, as provided by the act, the evidence in our opinion would have been sufficient to sustain the verdict. Plaintiff, however, complains of instructions Nos. 6 and 7 given to the jury. No. 6 is as follows:

"If you should find and believe from a fair preponderance of the evidence in this cause that F. C. Dale is the brother and was the agent of the plaintiff in this cause for the management and control of his lands for all purposes, including notice of any litigation that might arise therein, then the plaintiff would be bound by such actual notice, if any, as the said F. C. Dale received of the intended forfeiture of plaintiff's lands and the forfeiture thereof and his failure to give notice, if any, and the plaintiff's failure to appeal within 30 days to the district court of Ellis county, Okla., would be equivalent to the failure of the plaintiff himself to take such action as is required by law; bearing in mind the question of agency where the evidence is conflicting and there is any competent evidence tending to establish agency, and the extent of the authority of the agent, are questions to be determined by the jury."

This instruction advises the jury that if F. C. Dale, brother, and agent of the plaintiff, had actual knowledge of the intended forfeiture of plaintiff's lands, such knowledge would be equivalent to service of the

notice as provided by the act. We think this instruction clearly erroneous. If plaintiff had had actual knowledge of the intention of the Commission to declare a forfeiture because of his failure to pay the deferred payments, the same would not have dispensed with the necessity of giving the notice provided by the act, in the absence of a voluntary appearance by him.

Volume 1, R. C. L. 1149, announces the following rule:

"Perhaps no principle of law is better settled, or more firmly adhered to, than in all penal or summary proceedings for the divesture of title to property, the law must not only be construed strictly, but its substantial requirements must be closely observed. * * * The doctrine of strict compliance has particular application to the provisions of the statute or ordinance respecting the giving of public notice, and any violation thereof will be sufficient to avoid the sale. Thus a notice that does not show the owner's name, or that it is unknown, is not sufficient. Neither is one that does not state the place of sale, nor one served on the owner's agent in his individual capacity. Nor does actual knowledge on the part of the owner take the place of the written notice required by statute, but the notice need not be framed in the very words and form of the statute, if all the substantial requirements are present. * * *"

This court, in the case of Miller v. Frampton, 100 Okla. 115, 227 P. 890, held that the order of the School Land Department in a forfeiture proceeding has the status of a judgment of a court. If the judgment has such status, it was certainly necessary to the jurisdiction of the Commissioners of the Land Office that service be had and made upon plaintiff in the manner provided by law, and actual knowledge on his part that the Commission intended to declare a forfeiture would not dispense with the necessity of making such service. 15 R. C. L. 852.

Instruction No. 7 is as follows:

"You are further instructed that the order entered by the Commissioners of the Land Office canceling the certificate of purchase of the plaintiff herein to the lands in question would be void and of no force or effect, if the same was entered without notice to the plaintiff or his agent, if any, but actual notice to the agent, if any, and participation in the actions of the said board, would be equivalent to notice if he was acting within the scope of his authority."

We think this instruction was erroneous for the reason that there is no evidence

upon which to base it. There is evidence to the effect that F. C. Dale, after having received notice that the land in question was leased to defendant, appeared before the Commissioners and protested against the lease. He testified that he made this appearance in the interest of plaintiff. He further testified, however, that he did not notify plaintiff prior thereto that the Land Department had leased the land to defendant, nor that they had forfeited his rights under the certificate of purchase. Plaintiff testified that he had no knowledge of the forfeiture until sometime in 1927, and that his brother did not inform him thereof; that while his brother had full authority to look after the land in question and represent him generally relative to such management, he had no authority to enter an appearance before the Commissioners of the Land Office and waive notice of forfeiture. There is no evidence that plaintiff had knowledge, until after the execution of the lease, of the intention of the Commissioners to forfeit his rights and release the land to defendant. There is no evidence that, after having received such knowledge, he authorized his brother to appear before the Commissioners and waive notice of forfeiture. The mere fact that his brother was the general agent of plaintiff to look after his interests in the land and manage the same did not impliedly authorize him to appear in the forfeiture proceeding and waive notice. There was, therefore, no competent evidence upon which to submit this question to the jury and the court erred in so doing.

Plaintiff contends that the act of the Legislature authorizing the forfeiture of his rights under the certificate of purchase for failure to pay deferred payments is unconstitutional. This question has been decided against him in Wilhite v. Cruce, 70 Okla. 70, 172 P. 962. It is there said:

"The Commissioners of the Land Office have authority to exercise such ministerial and judicial functions respecting the state's school lands as may be conferred upon them by the Legislature, and the exercise of such powers is not a denial of 'due process of law' under either the Fourteenth Amendment to the federal Constitution, or section 7, art. 2 of the state Constitution."

See, also, State ex rel. v. McBee, 109 Okla. 20, 234 P. 593.

Because of the errors hereinbefore pointed out, the judgment is reversed and the cause remanded for a new trial.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, McNEILL, and KORNEGAY, JJ., concur. SWINDALL, J., not participating. ANDREWS, J., absent.