STATE ex rel. COM'RS OF LAND OFFICE v. TARPENNING.

No. 33994.   Feb. 27, 1951.

*228 P. 2d 374.*

T. J. Lee and R. H. Dunn, Oklahoma City, for plaintiff in error.

Cox & Buhrman, Blackwell, for defendant in error.

LUTTRELL, V. C. J.   On June 25, 1946, the Commissioners of the Land Office of the State of Oklahoma notified George E. Tarpenning, holder of a preference right agricultural lease on the southeast quarter of section 13, township 28 north, range 1 east, that said land had been appraised for sale purposes at $8,825, and the improvements located on said land at $275, and that if said appraisement was not satisfactory Tarpenning had the right to appeal therefrom to the Commissioners of the Land Office. Tarpenning protested the appraisement and appealed to the Commissioners of the Land Office, who approved the appraisement as made, whereupon Tarpenning appealed therefrom to the district court of Kay county, that being the county in which the land was located.

Thereafter, the Commissioners of the Land Office abandoned their original intention to offer the land for sale, and in October, 1946, advised Tarpenning that the land had been appraised for lease purposes in the sum of $8,825, and that the annual rental for the years 1947 to 1951, inclusive, was fixed at $264.75, and enclosed in said notice a five-year lease for the years 1947 to 1951, inclusive, for the specified rental. Tarpenning did not execute and return that lease, and on February 10, 1947, was given a new notice to the same effect, and a new lease was enclosed. This lease was signed by Tarpenning and the first year's rental paid.

Thereafter, on September 9, 1947, Tarpenning filed in the district court of Kay county, in the appeal from the appraisement for sale purposes, which had theretofore been docketed in that court as cause No. 20633, a bill of particulars attacking the right of the Commissioners to make the appraisal of the land for lease purposes, asserting that the raise of the rental for said lease from its original amount of $123 to $264.75 per year was unauthorized, illegal and void, and praying that the

court require the Commissioners to correct his lease, and to refund to the petitioner the illegal rental so charged and collected.

On April 2, 1948, the Commissioners filed their motion to dismiss the cause on the ground that the appeal prosecuted by Tarpenning involved only the appraisement for sale purposes; that the appeal had been abandoned, and that Tarpenning was seeking to litigate in that appeal a new and different cause, to wit: the validity of the order approving the appraisal of the land for rental purposes. This motion was by the trial court denied. Thereafter the matter came on for hearing, and after the introduction of some evidence the trial court found that the appraisement for rental purposes was wrongful and illegal, and beyond the authority of the Commissioners, and rendered judgment in favor of Tarpenning, directing the Commissioners to give him credit for the amount he had overpaid, and that he be required in the future to pay only $123 per annum as rental for the property, and enjoined and restrained the Commissioners from attempting to collect more. From this judgment, the Commissioners appeal.

While numerous contentions are argued by the parties, we consider one decisive, that is, could Tarpenning, on an appeal from an appraisement made for sale purposes, litigate a totally different question, namely, the validity of the order approving the appraisement for rental purposes? Tarpenning contends that he could do so for the reason that the Commissioners used the same appraisal as that made for sale purposes in placing a value upon the land for rental purposes; that upon his appeal from the appraisement for sale purposes, the matter was to be tried de novo under the provisions of 64 O.S. 1941 §250, and that upon trial de novo, as contemplated by that statute, the district court could hear and determine any complaint made by him as to any act or acts by the Commissioners which were prejudicial to his rights, performed subsequent to the taking of the appeal.

We are unable to agree with this contention, but think that the trial court on such appeal was confined to the question considered by the Commissioners upon the appeal from the appraisement to them, as provided by S. L. 1947, p. 412, §1, 64 O. S. Supp. 1947 §225.1. That section provides that upon being notified of an appraisement for sale, which appraisement is required to be made of the land and improvements separately, the preference right lessee shall be entitled to appeal to the Commissioners of the Land Office from the appraisement made by the appraisers selected, "and may present evidence to the Commissioners of the Land Office tending to prove a different value of the improvements than that fixed by the appraisers of the Commissioners."

In Wilhite v. Cruce, 70 Okla. 70, 172 P. 962, and again in Miller v. Frampton, 100 Okla. 115, 227 P. 890, we held that the Commissioners of the Land Office had no inherent judicial powers, but that in the exercise of the judicial powers granted to them by the Legislature in relation to forfeiture proceedings, their judgment thereon was entitled to the same force and presumption as the judgment of a court of general jurisdiction in relation to the subject matter of which they had jurisdiction.

In Knapp v. State, 196 Okla. 513, 166 P. 2d 86, we held that the preference right lessee, on an appeal from the forfeiture of his lease for failure to execute a new lease with an increased rental due to a re-appraisement of the property, could not litigate in that appeal the validity of statutory provisions applying to sales of land held by preference right lessees, stating that since the sale of the land was not involved, but only the rights of the parties upon re-leasing, the determination of the constitutionality of a provision of the statute relating to sales was not within the issue.

In Dickey v. Kenney, 177 Okla. 314, 59 P. 2d 266, we said:

"Therefore, because the appeal statute prescribes that the cause shall be tried de novo on appeal, the questions properly before the court in the de novo hearing were the same questions as were before the commissioners in the protest hearing."

It follows that in the instant case Tarpenning, appealing from an appraisement of the land for sale purposes, which involved only the question of the value of the improvements placed by him upon the land, could not thereafter in the same proceeding raise and litigate entirely different questions involving the appraisement of the land for lease purposes.

Reversed, with directions to the trial court to vacate the judgment and dismiss the proceeding.

ARNOLD, C.J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.