Rose L. HORANY, Plaintiff in Error,

v.

The STATE of Oklahoma ex rel. the COMMISSIONERS OF the LAND OFFICE of the State of Oklahoma, Defendant in Error.

No. 39634.

Supreme Court of Oklahoma.

July 3, 1962.

Rehearing Denied Oct. 23, 1962.

Loeffler & Allen, Sapulpa, for plaintiff in error.

R. H. Dunn, Francis Stewart, N. A. Gibson, Oklahoma City, for defendant in error.

BERRY, Justice.

On June 3, 1958, defendant in error, hereafter referred to as "Commissioners" or "State", caused an action to be instituted against plaintiff in error, hereafter referred to as "defendant", and the heirs of George W. Leist and Annabell Leist, husband and wife, both of whom are deceased, to quiet title to the SW/4 of Sec. 23, T. 25N, R. 24W, Harper County, Oklahoma. The described land is commonly known as "school land". The duties and functions of Commissioners as to such land is presently set forth in 64 O.S.1961 §§ 1 to 166, inclusive. The State's claim to fee simple title to the land is based upon an Act of Congress approved June 16, 1906, which granted this and other lands to Oklahoma for the use and benefit of Oklahoma's common schools.

Defendant filed an answer and cross-peition in which she alleged in substance that she, as the sole devisee of her husband, E. E. Horany, who died in 1947, owned an undivided one-half interest in minerals underlying the land and sought to quiet her alleged title to said interest. Her claim is based upon an October 14, 1930, mineral deed from Annabell Leist to E. E. Horany.

It appears that with the exception of a minor heir of the Leists, all other defendants below disclaimed any interest in the land. An answer was filed in behalf of the minor heir by his guardian ad litem.

The Commissioners assert in substance that while George W. Leist, who died in 1927, acquired an equitable interest in the land by virtue of a certificate of purchase, hereafter referred to as "certificate", issued to him by the Commissioners on March 1, 1911, the certificate was for good cause cancelled in 1936; that this, together with the fact that there was no timely redemption, served to divest Mr. Leist and those claiming under him of any right, title or interest in the land; that since defendant deraigns her alleged title to an undivided one half of the minerals upon a conveyance by Mr. Leist to Mrs. Leist and a conveyance by the latter to E. E. Horany, she in fact has no interest in the lands.

Defendant's basic contention is that under the provisions of Ch. 28, Art. 2, p. 107, S.L. 1935, which statute as amended was codified as 64 O.S.1941 § 211, and 64 O.S.1941 § 212, cancellation of the certificate of purchase was contingent upon giving notice to "all delinquent purchasers, or holders or owners of certificates of purchase" (see first cited statute), which notice "shall be made by registered mail, to the record owner, or lien holder of record and to the person or persons in possession thereof" (see Sec. 212, supra); that the provisions of the cited statutes were not complied with; that the only notice given was one under date of November 27, 1935, which was addressed and forwarded by registered mail, return receipt requested, to "George W. Leist estate, % Wm. Leist, May, Oklahoma"; that the receipt which was returned indicated that George W. Leist was dead; that probate of George W. Leist's estate was concluded in 1928; that since proper notice was not given, the August 28, 1936, order of the Commissioners cancelling the certificate was void; that during trial of this case, defendant tendered in open court whatever amount

might be owing under the certificate of purchase, which tender was rejected by State.

The deed from Mr. Leist to Mrs. Leist and the mineral deed from Mrs. Leist to E. E. Horany were filed of record in the office of the County Clerk of Harper County prior to date of the above mentioned notice, but were never recorded in the Office of the Commissioners. The evidence shows that in 1960 defendant tendered to the Commissioners for filing a certified copy of the mentioned mineral deed; that Commissioners refused to record the deed; that correspondence which passed between Commissioners and E. E. Horany in 1931 tended to show that the Commissioners had knowledge that E. E. Horany claimed an interest in the land as of date of notice to cancel certificate and that George W. Leist was then dead.

■ In Stevens v. Patten et al., 174 Okl. 582, 50 P.2d 1106, it was pointed out that "A sale of state school land by the commissioners of the land office on deferred payments, evidenced by note and certificate of sale, conveys the equitable title thereto to the purchaser and leaves the legal title in the state. * * *" It follows that Mr. Leist's and those claiming under him, title was an "equitable title" and "legal title" remained in the State until such time as the provisions of the certificate of purchase and applicable statutes were complied with. See Equitable Royalty Corporation et al. v. State of Oklahoma on relation of the Commissioners of the Land Office of said State, Okla., 352 P.2d 365. Defendant does not dispute but that if the certificate were properly cancelled it served to divest her of any interest in the land. As heretofore indicated she contends that the certificate was not properly cancelled and that for said reason Mr. Leist's equitable title was not in effect destroyed; that the offer to pay in accordance with the certificate in equity served to establish legal title to an undivided one half the minerals in her.

In the last cited case it was held in substance that in cancelling a certificate of purchase the Commission need only serve notice of cancellation upon those claiming under the holder of a certificate of purchase who have caused their assignment or conveyance from such purchaser to be recorded with the Commissioners. Defendant argues that said case and other cases from this jurisdiction of the same general purport are not in point of fact; that in the instant case the correspondence which passed between E. E. Horany and the Commissioners in 1931 served to give the latter actual knowledge that E. E. Horany claimed in interest in the land; that for said reason notice of cancellation to Horany was a condition precedent to cancelling his interest. We are unable to agree.

■ In 64 O.S.1961 § 191, it is provided that holder of a certificate of purchase may assign his interest thereunder, "provided, before delivery of patent, such assignment, to be valid, shall be duly recorded in a proper book, kept for that purpose by the Commissioners of the Land Office". Since it was provided in Ch. 28, Art. 2, S.L.1935, that notice of cancellation "shall be by registered mail, to the record owner" it was unnecessary to serve notice upon Horany who was not a "record owner". Our conclusion accords with the pronouncements set forth in Equitable Royalty Corporation v. State, supra.

Defendant argues that in any event notice was not served on the certificate holder (owner of record) or upon the person in possession; that for said reason the cancellation proceedings were void. In support of this argument, defendant cites Dale v. Deal, 159 Okl. 111, 14 P.2d 363.

In countering the above mentioned argument, Commissioners point to the fact that it was found and held in the order cancelling the certificate that "service by publication has been had upon each of said Certificate Holders, and all lien holders of record." Commissioners argue that this finding is conclusive and not subject to collateral attack.

■ In attacking the probative force and effect of the above quoted findings, de-

fendant argues that the Commissioners are a non-judicial body; that accordingly it will not be presumed that the Commissioners had jurisdiction to cancel the certificate; that the jurisdictional fact of notice to the record owner and person in possession must be proved by Commissioners. This runs counter to the rule announced in the second paragraph of the syllabus of Miller v. Frampton, Sheriff et al., 100 Okl. 115, 227 P. 890, which syllabus reads as follows:

"The school land commission in the exercise of such jurisdiction is acting in the nature of a quasi judicial tribunal, and in relation to such proceedings its judgment in a forfeiture proceedings is in the same status as a judgment rendered by a court of general jurisdiction in relation to subject-matter of which it has jurisdiction."

Defendant also argues that the files and records of the Commissioners show that the only notice served was on George W. Leist; that such service was ineffective and a nullity because Mr. Leist had died prior to service; that no notice was served on the person in possession; that the order forfeiting the certificate was therefore null and void. Dale v. Deal, supra, is cited as sustaining this argument.

In Dale v. McClung, 159 Okl. 95, 14 P.2d 383, the certificate of purchase issued to Dale was ordered cancelled by the Commissioners. No notice of cancellation was given prior to rendition of the order. Dale claimed that lack of notice served to render the order void. In rejecting this contention it was pointed out that after rendition of the order Dale entered a voluntary appearance by asking the Commissioners for reconsideration of the order and by purchasing from them a lease on the land; that "by such act and conduct, (Dale) waived service of notice upon him."

In the instant case the record shows that payments were made in accordance with the certificate in 1928, 1929 and 1931, and that no further payments were made;

that Annabell Leist entered into a written lease with the Commissioners covering use of the land from August 1, 1937, to August 1, 1940; that W. M. Leist, son of Mr. and Mrs. Leist, entered into like leases covering use of the land from August 1, 1941 to January 1, 1947; that, as heretofore pointed out, all adult heirs of Mr. and Mrs. Leist filed disclaimers herein. This, in our opinion, clearly shows waiver of notice in the proceeding to cancel the lease and shows further that Annabell Leist abandoned the contract. On this last proposition see Moree v. Moree, Okl., 371 P.2d 719 and Miner v. Boynton et al., 129 Mich. 584, 89 N.W. 336. In the syllabus to the last cited case it was said that "A vendee under a contract to purchase land, who, having failed to pay installments and taxes required thereby, and having been served with notice to vacate as provided by its terms, leases the premises from his vendor, thereby surrenders his rights under the contract."

Did such waiver and abandonment serve to divest E. E. Morany of interest in the minerals? We are of the opinion that the answer is "yes". As made clear in Equitable Royalty Corporation et al. v. State of Oklahoma on relation of the Commissioners of the Land Office of said State, supra, the Commissioners were not required to serve notice of cancellation upon Horany because he had not recorded his mineral deed with the Commissioners. It follows that neither Mr. Horany nor defendant as his successor in interest are in a position to rely upon lack of notice to them and must, as they do, rely upon lack of notice to those who waived it. We are of the opinion that waiver of notice served to validate the order cancelling the certificate and for said reason such order is binding on Mr. Horany and defendant as his successor.

No proof was made as to who was in possession of the land. In view of said fact and the further fact that Mrs. Leist, under whom defendant claims title to one half the minerals, waived notice of cancellation, we do not feel that the cancellation proceedings

were void because same fail to show notice on the person in possession.

For reasons stated, the judgment of the trial court is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, HALLEY, JOHNSON and JACKSON, JJ., concur.