The TULSLEDO OIL COMPANY,
a Corporation, Plaintiff in Error,

v.

The STATE of Oklahoma ex rel. COMMIS-
SIONERS OF the LAND OFFICE of said
State, Defendant in Error.

No. 40198.

Supreme Court of Oklahoma.
Oct. 22, 1963.

Merton M. Bulla, Baker H. Melone, Oklahoma City, for plaintiff in error.

R. H. Dunn, Francis Stewart, N. A. Gibson, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

Defendant in error, the State of Oklahoma, ex rel. the Commissioners of the Land Office of said State, hereinafter referred to as Commissioners, brought the action from which this appeal arises. The State seeks to quiet its asserted fee simple title to the S½, Sec. 13, Twp. 25 N., R. 26 W., I. B. M., Harper County, as against certain adverse claims of plaintiff in error, hereinafter referred to as Tulsledo. In its brief, Tulsledo states that "In view of the recent mandate in Horany v. State, Okl., 375 P.2d 963, defendant has abandoned its appeal as to the Southwest Quarter (SW4) only."

In the trial court the parties stipulated that "the land was granted to the State"; that the Commissioners executed a certificate of purchase covering such land here involved to T. J. Hopingardner and his wife; that the Hopingardners made a mineral deed to Shirley L. Clum; that Clum executed a mineral deed to Tulsledo; that such mineral deeds were filed in the office of the County Clerk of Harper County, but were not filed in the office of the Commissioners; that no consideration was paid to the Commissioners by Clum or Tulsledo for their deeds; that "thereafter the certificate of purchase was relinquished from Hopingardner to Mr. Cornell"; that "the annual payments on the purchase price for the years 1933, 1934 and 1935 were not paid"; that Cornell died on October 20, 1934, and his only heir was Stella Cornell.

After the above recited stipulations were presented to the trial court, the Commissioners placed in evidence a deed from Stella Cornell Pryor and her husband to the State of Oklahoma, quit-claiming all their right, title and interest in the S½ of Section 13.

The evidence of Tulsledo was to the effect that there were no proceedings to cancel the certificate of purchase as to the SE¼; and that at the time the Pryors executed the quit-claim deed in favor of the State, the Commissioners had actual knowledge of Tulsledo's mineral interest.

We do not determine in this opinion whether there were proceedings cancelling the certificate of purchase as to the SE¼ for the reason that the sole heir of the certificate holder executed a quit-claim deed, covering such land, to the Commissioners prior to the filing of the instant action.

For reversal Tulsledo presents two propositions. The first is:

"The grantee of a mineral deed from a certificate of purchase holder who records the deed in the County Clerk's Office but not with the Commissioners of the Land Office, acquires an interest which cannot be foreclosed in the absence of proceedings to cancel the certificate of purchase."

Tulsledo contends that:

"The attempt to establish the Land Office as a bona fide purchaser fails on two grounds. First, the mineral deed was recorded with the County Clerk of Harper County which gives constructive notice to all purchasers. 16 O.S.1961, Sec. 16. The statute relating to cancellation of Certificates of Purchase (64 O.S.1961, Sec. 191) has application only to cancellation proceedings and their effect, and is wholly irrelevant where, as here, there are no proceedings."

Title 64 O.S.1961, § 191, provides, in pertinent part, as follows:

"Any purchaser of lands under the provisions of this act shall have the right to transfer or assign all his rights, title and interest in and to such lands, and such assignments shall be in form and executed and acknowledged as required under the laws governing conveyances; provided, *before delivery of patent, such assignment, to be valid, shall be duly recorded in a proper book, kept for that purpose by the Commissioners of the Land Office."* (Emphasis supplied)

In the case of Equitable Royalty Corporation v. State, Okl., 352 P.2d 365, 369, 370 and 371, we said:

"* * * In our opinion it was clearly within the province and power of the Legislature to make the filing of instruments, evidencing the interest of those to whom a certificate holder sold or assigned in the office of the Commissioners a condition precedent to asserting adverse rights against the State, to lands covered by the assignment or grant, and for reasons hereinafter given we are of the further opinion such is the object and purpose of Sec. 191, supra. In brief, it was within the province and power of the Legislature to say that the provisions of said statute, as to the Commissioners and not those of the general recording statutes, should govern in

cases such as the instant case. If Sec. 191 is a special recording statute that governs in instances such as are presented by this appeal, and we believe that such is the case, compliance with Sec. 191 is mandatory. * * *

"We again allude to Sec. 191, supra, wherein it is stated that an 'assignment (from a certificate holder) to be valid, shall be duly recorded in a proper book, kept for that purpose by the Commissioners.' Is this language meaningless? We believe not. * * *

"The certificate of purchase issued to Wycoff reads in part as follows:

" 'Seventh: That said purchaser shall have the right to transfer or assign all his right, title and interest in and to said land and improvements, but no transfer or assignment thereof shall be valid or of any force or effect unless made in conformity with the Rules and Regulations of the Commissioners of the Land Office of said State and recorded in the office of said Commissioners in the Capital of said State.'

* * * * * *

"The defendants are charged with knowledge of the relevant provisions of the applicable statutes and are also charged with notice of the provisions of the Certificate of Purchase. The third paragraph of the syllabus to Nix v. Brogan, 118 Okl. 62, 251 P. 753, reads as follows:

" 'The general rule is that the law will impute notice and knowledge to a party of the conditions of instruments under which he holds or claims title.'

See also 66 C.J.S. Notice § 13d, p. 651. The defendants are therefore charged with notice of the above quoted seventh paragraph of the Certificate to the effect that assignments from the certificate-holder were without 'force or effect unless * * * recorded in the office of said Commissioners.'"

■ Since the conveyance to Tulsledo was not recorded with the Commissioners, as hereinbefore shown, the quit-claim deed from Mrs. Pryor and husband divested Tulsledo of any interest in such land.

Tulsledo further contends that the Commissioners "had actual knowledge of Tulsledo's mineral interest prior to taking the quit-claim deed and therefore could not have been a bona fide purchaser without notice as to such mineral interests."

In the case of Horany v. State, supra, 375 P.2d at p. 966, we said:

"In Stevens v. Patten et al., 174 Okl. 582, 50 P.2d 1106, it was pointed out that 'A sale of state school land by the commissioners of the land office on deferred payments, evidenced by note and certificate of sale, conveys the equitable title thereto to the purchaser and leaves the legal title in the state. * * *' It follows that Mr. Leist's and those claiming under him, title was an 'equitable title' and 'legal title' remained in the State until such time as the provisions of the certificate of purchase and applicable statutes were complied with. See Equitable Royalty Corporation et al. v. State of Oklahoma on relation of the Commissioners of the Land Office of said State, Okla., 352 P.2d 365. Defendant does not dispute but that if the certificate were properly cancelled it served to divest her of any interest in the land. As heretofore indicated she contends that the certificate was not properly cancelled and that for said reason Mr. Leist's equitable title was not in effect destroyed; that the offer to pay in accordance with the certificate in equity served to establish legal title to an undivided one half the minerals in her.

"In the last cited case it was held in substance that in cancelling a certificate of purchase the Commission need only serve notice of cancellation upon those claiming under the holder of a certificate of purchase who have caused their assignment or conveyance from such purchaser to be recorded with the Commissioners. Defendant argues that said case and other cases from this jurisdiction of the same general purport are not in point of fact; that in the instant case the correspondence which passed between E. E. Horany and the Commissioners in 1931 served to give the latter actual knowledge that E. E. Horany claimed in (sic) interest in the land; that for said reason notice of cancellation to Horany was a condition precedent to cancelling his interest. We are unable to agree."

■■ Mrs. Pryor, by the execution and delivery of the quit-claim deed, in effect, waived any and all cancellation proceedings and rendered any such proceedings unnecessary. Such deed relinquished the certificate holder's rights under the contract of purchase. We fail to see any grounds for distinguishing between a situation such as we have here and one wherein the State through the necessary proceedings cancelled the rights of such certificate holder. As was held by this Court in the Horany case from which we have quoted hereinabove, the holder of a mineral interest, whose deed is not recorded with the Commissioners, is not entitled to notice of cancellation proceedings.

We deem pertinent here the following language from 352 P.2d page 372 of the opinion in the case of Equitable Royalty Corp., v. State, supra:

"Defendants were free to record their mineral conveyances with Commissioners and thereby place the responsibility on Commissioners of notifying them of proceedings to forfeit the certificate of purchase. By failing to do so they placed themselves in the same relative position as one who loses his interest in property not coming under the jurisdiction of the Commissioners by failing to record the instrument evidencing his interest with the county clerk. Such incidents are always regrettable but nevertheless represent

cases in which this Court cannot properly grant relief."

Tulsledo's second proposition is:

"The trial court erred in failing and refusing to make a finding of fact that there were no proceedings to cancel the certificate of purchase through which plaintiff in error holds title."

In support of such propositions Tulsledo contends that the "evidence clearly established that there were no proceedings to cancel the Certificate of Purchase and the absence of a finding of fact on that issue necessitates the reversal of the trial court's judgment."

The trial court made findings of fact and conclusions of law as follows:

"Findings of Fact: The Court finds that the defendant failed to file or record in the Commissioners of the Land Office or offer to file in a book kept for that purpose an instrument which reflected the conveyance in controversy."

"Conclusions of Law: That the defendant failed to do the necessary and required acts, that they have never acquired any right, title or interest in the property in controversy."

■ The rule applicable in the instant case is found in Roberts v. C. F. Adams & Son, 199 Okl. 369, 184 P.2d 634. Therein, at page 636, we said:

"In the later opinions, this court has held that the trial court need not go to the extent earlier deemed necessary to comply with the provisions of 12 O.S.1941 § 611, in making findings of fact and conclusions of law upon request of a party litigant. The present rule, with citations of cases, is discussed in the case of Reed v. Richards & Conover Hardware Co., 188 Okl. 452, 110 P.2d 603, 604, wherein it is said: '* * * The court is not bound to make separate findings concerning immaterial facts nor is the court bound to find the material facts in any great-

er detail than is really necessary for the correct decision, by a higher court, of questions of law involved in the case. * * *'"

■ In view of our foregoing determination that the execution and delivery by Mrs. Pryor of her deed had a devastating effect upon Tulsledo's interest, we think the findings on the material facts sufficient to support the conclusions and judgment of the trial court

Affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, JACKSON and BERRY, JJ., concur.